****EXECUTIONS SCHEDULED FOR APRIL 17, 20, 24, and 27, 2017****

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

JASON McGEHEE, STACEY JOHNSON, BRUCE WARD,
TERRICK NOONER, JACK JONES, MARCEL WILLIAMS,
KENNETH WILLIAMS, DON DAVIS, and LEDELL LEE,

*Plaintiffs*

v.                              Case No. 4:17-CV-00179

ASA HUTCHINSON, Governor of the State of Arkansas, and
WENDY KELLEY, Director, Arkansas Department of Correction,

*Defendants*

## MOTION FOR EXPEDITED DISCOVERY
## AND INCORPORATED BRIEF IN SUPPORT

### MOTION

In conjunction with their recently filed complaint and request for preliminary injunction, and for the reasons set out in the incorporated brief in support, Plaintiffs move the Court to allow for expedited discovery as follows: allow for discovery to begin immediately, including allowing Plaintiffs to begin taking depositions; order Defendants to respond to Plaintiffs' discovery requests by April 7, 2017, or prior to any preliminary-injunction hearing, whichever is sooner; and—in the event the attached interrogatories are construed as containing more than 25 interrogatories (including discrete subparts)—to allow Plaintiffs to propound more than 25 interrogatories as to Defendant Wendy Kelley.

1

**BRIEF IN SUPPORT**

Plaintiffs seek limited, expedited discovery in connection with both their Complaint and Motion for Preliminary Injunction. The discovery sought is narrowly tailored to provide further factual support for the preliminary-injunction motion, for which Plaintiffs have requested an expedited hearing. Due to the impending date of the first execution—which is set for April 17—and the irreparable nature of harm at issue, such discovery should be ordered expeditiously. The discovery, which would consist of a deposition, written interrogatories, requests for production, and requests to enter upon and inspect premises, would not unduly burden Defendants or third parties from which discovery is sought.

In 2015, Defendant Hutchinson signed Act 1096, which allows the Arkansas Department of Correction to carry out executions with either a barbiturate or a three-drug mixture of midazolam, vecuronium bromide, and potassium chloride. Defendant Kelley has elected to use the three-drug method of execution. On February 24, 2017, the Attorney General of Arkansas asked Hutchinson to set execution dates for all Plaintiffs except Terrick Nooner. On February 27, 2017, Hutchinson set the following dates for execution:

- Davis and Ward - April 17

- Johnson and Lee - April 20

- Jones and Marcel Williams - April 24

2

- McGehee and Kenneth Williams – April 27

Hutchinson has stated that the dates were set in such a compressed (and unprecedented) fashion because the State's supply of midazolam expires on April 30—just three days after the final scheduled execution. As Plaintiffs allege in their complaint and motion for preliminary injunction, this schedule places a significant burden on counsel, including preparation for clemency, litigation in pursuit of stays of execution, and preparations for their clients' executions. The schedule also increases the risk of Plaintiffs' suffering during the executions. Additionally, Defendants' restrictions on access to the judiciary and co-counsel during the executions violate Plaintiffs' rights.

Plaintiffs have sought a preliminary injunction to halt these executions so the Court may consider whether they will, as currently scheduled, violate Plaintiffs' constitutional rights to counsel, to access the courts, and to be free from cruel and unusual punishment. Plaintiffs have also requested a prompt hearing on their request for a preliminary injunction. To support their request and to prepare for such a hearing, Plaintiffs require discovery in the form of a deposition, interrogatories, requests for production of documents, and requests to enter upon and inspect premises that are under the control of Defendants or other persons who are in active concert or participation with Defendants. For this Court's consideration, Plaintiffs have attached copies of these discovery requests to this motion as Exhibits A and B. To facilitate

discovery, Plaintiffs have attached a protective order they are willing to agree to as Exhibit C.

This Court has previously outlined the parameters for seeking expedited discovery:

> A federal district court has broad discretion with regard to discovery motions. *See United States v. Washington*, 318 F.3d 845, 857 (8th Cir. 2003). According to Rule 26(d)(1) of the Federal Rules of Civil Procedure, '[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)' unless a court orders otherwise. When a party seeks expedited discovery, some courts apply either a 'good cause' or 'reasonableness' standard, while other courts 'analyze a set of factors similar to those for obtaining a preliminary injunction.' *Meritan Health Inc. v. Express Scripts, Inc.*, 2012 WL 1320147, at *1 (E.D. Mo. Apr. 17, 2012). The Eighth Circuit has not adopted either standard. *Id.* (citing *Monsanto Co. v. Woods*, 250 F.R.D. 411 (E.D. Mo. 2008)).
>
> Under the good cause standard, 'the party requesting expedited discovery must show that the need for expedited discovery, in consideration of the administration of justice, outweighs prejudice to the responding party.' *Id.* at *2. In considering the request, the Court looks at the entire record and the reasonableness of the request in light of all surrounding circumstances. *Id.* (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618. 624 (N.D. Ill. 2000)). When determining the reasonableness of the request, the Court considers five factors: '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.' *Id.* (citing *Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2001)).

*Welsco, Inc. v. Brace*, 2012 WL 3025141, at *1 (E.D. Ark. July 24, 2012). Furthermore, "[e]xpedited discovery is generally appropriate in cases . . . where a party is attempting to prepare for a preliminary injunction hearing." *Meritan Health, Inc.*, 2012 WL 1320147, at *2.

4

## A.   Preliminary injunction pending

Plaintiffs have moved this Court for a preliminary injunction and a hearing on that motion.

## B.   Breadth of discovery requests

Plaintiffs have narrowly tailored their discovery requests to the limited purpose of obtaining evidence to be used at a preliminary-injunction hearing. In their pending motion for preliminary injunction, Plaintiffs allege that the ADC's policies and procedures for carrying out eight executions in 10 days will deprive Plaintiffs of their right to counsel, their right to access the courts, and their right to be free from cruel and unusual punishment. They have further alleged that the ADC has rebuffed efforts to obtain further information concerning these policies and procedures, or to gain clarity on those policies of which Plaintiffs are already aware. Plaintiffs seek to depose only the ADC, pursuant to Federal Rule of Civil Procedure 30(b)(6), in order to obtain information relevant to the claims made in the complaint. Written requests and interrogatories seek only to obtain necessary information as to the procedures that will be used to execute Plaintiffs, the drugs to be used, the safeguards in place, counsel's ability to witness the execution and access the courts, and information relevant to the setting of the execution schedule at issue. Plaintiffs' request to enter and inspect the death house, execution chamber, and storage condition of the chemicals to be used in the executions is narrowly tailored to determine if the drugs to be used were and are

5

appropriately stored and to allow counsel to visualize the area in which Plaintiffs will be housed, visited, and ultimately executed—all details that are relevant to allegations made in the complaint.

### C.      Purpose for requesting expedited discovery

Plaintiffs' request, and must have, expedited discovery in this matter because executions are set to begin on April 17. Under the normal course of discovery, the Defendants' responses to the requests would not be due until after the date of the last scheduled executions. Due to the compressed time frame within which the state seeks to execute the Plaintiffs, every phase of litigation—including discovery—must be expedited in order to ensure that the constitutionality of these executions is meaningfully reviewed.

### D.      Burden on Defendants

Complying with Plaintiffs' discovery requests will not be unduly burdensome for Defendants. To the extent that responding to the requests within an expedited time frame is burdensome, the Court should consider that the compressed execution schedule is of Defendants' own making.

### E.      How far in advance of the typical discovery process the request was made

Plaintiffs became aware of the compressed execution schedule on February 27, 2017. Within a month, they have filed the instant action, sought a preliminary injunction, and requested expedited discovery. Plaintiffs could not have reasonably brought these

requests to the Court's attention any sooner, while still ensuring that these important issues are competently and judiciously addressed.

This request is made in advance of the typical discovery process given that the timing of the typical discovery process would render moot the relief requested by virtue of Plaintiffs' executions.  It is not unreasonable for early discovery to be requested in conjunction with a motion for preliminary injunction, especially given the urgency of the situation presented by this case.

## CERTIFICATE

Pursuant to Local Rule 7.2(g), the parties have conferred in good faith. Defendants oppose expedited discovery.

## RELIEF REQUESTED

For the reasons set out above, Plaintiffs ask the Court to:

- Enter an order pursuant to Fed. R. Civ. P. 26(d)(1) for discovery to begin immediately;

- Enter an order granting leave to depose the ADC pursuant to Federal Rule of Civil Procedure 30(b)(6), with leave to notice that deposition be taken by April 7, 2017, or before the preliminary-injunction hearing, whichever is sooner (Fed. R. Civ. P. 30(a)(2)(A)(iii));

- Order Defendants to respond to the attached interrogatories by no later than April 7, 2017, or before the preliminary-injunction hearing, whichever is sooner (Fed. R.

Civ. P. 33(b)(2));

- In the event the attached interrogatories are construed as consisting of more than twenty-five discrete subparts as to Defendant Wendy Kelley, allow Plaintiffs to serve more than twenty-five interrogatories on Defendant Wendy Kelley (Fed. R. Civ. P. 33(a)(1)); and

- Order Defendants to respond to the attached requests for production and for entry onto land by no later than April 7, 2017, or before the preliminary-injunction hearing, whichever is sooner (Fed. R. Civ. P. 34(b)(2)(A)).

Respectfully submitted,


**/s/ Jeff Rosenzweig**
Jeff Rosenzweig, ABN 77115
jrosenzweig@att.net
300 Spring St., Ste. 310
Little Rock, AR 72201
(501) 372-5247


*Counsel for Stacey Johnson,*
*Jack Jones and Kenneth Williams*

**/s/ John C. Williams**
Scott Braden, ABN 2007123
John C. Williams, ABN 2013233
Federal Public Defender Office
scott_braden@fd.org
john_c_williams@fd.org
1401 W. Capitol Ave., Ste. 490
Little Rock, AR 72201
(501) 324-6114


*Counsel for Don Davis, Jason McGehee,*
*Terrick Nooner, Bruce Ward,*
*and Marcel Williams*

8

**/s/ Lee Short**

Lee Short, ABN 2010136
Short Law Firm
leedshort@gmail.com
425 W. Broadway St. A
North Little Rock, AR 72114
(501) 766-2207

*Counsel for Ledell Lee*

Deborah R. Sallings, ABN 80127
deborahsallings@gmail.com
35715 Sample Road
Roland, AR 72135


*Counsel for Don Davis*


Jennifer Merrigan, MO Bar No. 56733
Joseph Perkovich, NY Bar No. 4481776
j.merrigan@phillipsblack.org
j.perkovich@phillipsblack.org
Phillips Black
P.O. Box 2171
New York, NY 10008
(212) 400-1660

*Counsel for Bruce Ward*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 30th day of March, 2017, the

foregoing Motion for Expedited Discovery was filed using the Court's CM/ECF system

which shall make service on all parties.

**/s/ John C. Williams**
**John C. Williams**

9