****EXECUTIONS SCHEDULED FOR APRIL 17, 20, 24, and 27, 2017****

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

### CAPITAL CASE

**JASON MCGEHEE,** *et al.*                                                          **PLAINTIFFS**

**v.**                          **Case No. 4:17-cv-00179 KGB**

**ASA HUTCHINSON,** *et al.*                                                     **DEFENDANTS**

### PROTECTIVE ORDER

The parties to the above-styled action, by and through their respective counsel, have agreed and stipulated to the entry of this Agreed Protective Order, subject to the approval of the Court. The Court hereby approves of and enters this Agreed Protective Order. The parties and their counsel agree to comply with all the terms of this Agreed Protective Order as set forth below.

1)    This Agreed Protective Order between the Plaintiffs and Defendants covers the use and disclosure of confidential material ("Confidential Material") of any kind produced in connection with this case by the parties to this litigation and by third parties (collectively, the "Producing Parties").

2)    All material produced in this action is deemed Confidential Material, and may not be disclosed to any persons or entities other than those specified in paragraph 9 of this Order, provided such material is designated as Confidential Material by the Producing Party in accordance with the provisions of this Agreed Protective Order. In addition, the following materials and information, if produced in this action, are and shall be deemed "Confidential Material" whether or not so designated by the Producing Party:

    a. The written execution protocol adopted by the Arkansas Department of Correction ("ADC"), and any drafts or amendments to the protocol, with the exception of Attachment C;

    b. Information contained within the ADC's execution protocol, with the exception of Attachment C;

    c. All testimony, documents, or information referring to the ADC's procedures with respect to Death Row inmates that identify or discuss security procedures, security personnel, or pre-execution schedules;

    d. Identities of the entities or persons who participate in the execution process or administer the lethal injection; and

    e. Identities of the entities or persons who compound, test, sell, or supply the drug or drugs used in the execution procedure, or supply medical supplies or medical equipment for the execution process, as well as information that could lead to the identification of such entities or persons (such as lot and batch numbers on FDA-approved drug labels).

Documents or other information that are already in the public domain will not become confidential by virtue of this Order. However, to the extent that only a portion of information in a document was in the public domain, only that portion of information—not the entire document—will be considered non-Confidential.

    3) Except where indicated otherwise in the terms of this Order, the term "Confidential Material" includes "Highly Confidential Material." "Highly Confidential Material" potentially includes the information covered by Paragraphs 2(d) and 2(e). Should the information covered by

Paragraphs 2(d) and 2(e) become the subject of court-ordered discovery, the parties will negotiate the status of this material at that time.

4)  The provisions of this Order extend to all Confidential Material regardless of the manner or form in which it is disclosed, including but not limited to documents, interrogatory responses, deposition transcripts, deposition exhibits, testimony and any other materials produced by a party in response to or in connection with any discovery conducted in this litigation, and to any copies, notes, abstracts, summaries, analyses, demonstrative exhibits or other documents that reflect information contained in the foregoing materials.

5)  The designation of Confidential Material for the purposes of this Agreed Protective Order shall be made by plainly marking the item, or where that is not possible, by marking a container or tag, with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  In the case of depositions, the parties shall designate the Confidential Material: (i) by a statement on the record by counsel for the Producing Party at the time of such disclosure; or (ii) by written notice, sent by counsel for the Producing Party to counsel of record for the parties to this Action within three (3) business days after receipt of the transcript of the deposition.  All deposition transcripts (including exhibits) shall be considered Confidential Material and shall be subject to this Agreed Protective Order until expiration of such three-day period.  The court reporter shall be instructed to mark each designated page as "CONFIDENTIAL" and the cover page of any transcript containing Confidential Material shall indicate that the transcript contains such Confidential Material.

6)  Whenever any Confidential Material is to be discussed or disclosed in a deposition, the Producing Party may exclude from the room any person who is not entitled to receive such information.  The parties further agree that they can arrange for the review of potentially

Confidential Material prior to designation without waiver of any claim to confidentiality. After such Material is reviewed, the Producing Party may designate copies of the Material requested Confidential as appropriate before providing copies to the receiving party ("Receiving Party").

7) The inadvertent failure to designate specific information or material as Confidential Material shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality as to such information or material.

    a. In the event that information or material, whether in written or oral form, has been provided without any designation of confidentiality, such information may be designated as Confidential Material within three (3) days of the discovery by the Producing Party that such information should have been so designated. Upon receipt of such notice, that information or material shall be treated as Confidential Material by all parties as though such information had been so designated when originally provided.

    b. If, prior to receiving notice pursuant to paragraph 7(a), such information or material has already been disclosed to individuals who otherwise would not have been entitled to have access to Confidential Material, the Receiving Party shall notify the Producing Party immediately. In addition, the Receiving Party shall immediately comply with all the procedures applicable to the inadvertent disclosure of Confidential Material, as discussed below in paragraph 10 of this Agreed Protective Order.

    c. If a Producing Party decides to designate previously provided information or material Confidential, or decides to delete the designation on an item previously produced, the Producing Party shall provide the parties substitute copies of such

documents bearing the desired designation within three (3) days of re-designation. The parties to whom substitute copies of such documents are produced shall substitute the later-produced documents and shall destroy or return to the Producing Party the previously produced documents in their possession and all copies thereof.

8)      Confidential Material may be used solely in connection with the instant litigation. The identity, content, and/or any summary of Confidential Material shall be maintained in strict confidence by the Receiving Party. Confidential Material may not be disclosed to any persons or entities other than those specified in paragraph 9.

9)      The Receiving Party may show or otherwise divulge Confidential Material *only* to the following persons:

   a. Counsel of record in this case and other counsel for the parties employed in the same office as counsel of record, provided that the names of other counsel are disclosed by email to opposing counsel prior to the sharing of Confidential Material;

   b. Parties' experts, including testifying experts where the information is relevant to their testimony, and investigators;

   c. Up to ten (10) staff persons assisting counsel of record, including, but not limited to, secretaries, photocopying personnel, and legal assistants and in the event that more than 10 staff persons are needed to assist counsel of record, the names of those additional staff persons shall be disclosed to opposing counsel by email and shall sign an acknowledgment form, acknowledging that they are bound by this Agreed Protective Order;

    d. The Court and Court personnel, including court reporters and others involved in the recording of depositions;

    e. Any other person who the Producing Party agrees in writing, or who the Court directs, may have access to the Confidential Material.

Material designated "Highly Confidential" may be shown or divulged only to the (1) individuals listed in Paragraph 9(a) of this Order and (2) a designated person or persons included in Paragraph 9(c), to be disclosed to opposing counsel prior to the sharing of Highly Confidential Material. Each person (with the exception of those specified in (a), (c), and (d) above) who is permitted to see Confidential Material, or to whom the Confidential Material is otherwise divulged, must certify that they agree to be bound by the provisions of this Agreed Protective Order and must sign a copy of an acknowledgment form, acknowledging that they are bound by this Agreed Protective Order. All signed acknowledgments must be maintained in the files of counsel who disclosed the Confidential Material, and counsel must produce copies of these signed acknowledgments to the court and/or to the Producing Party upon request.

    10) Should any person inadvertently disclose Confidential Material to any person, entity, or court other than those persons described in paragraph 9, counsel for the party responsible for the inadvertent disclosure shall immediately, meaning within 1 hour of knowledge: (1) notify the Producing Party of the disclosure; (2) provide in the notification to the Producing Party the identity and current contact information (including full name, address, telephone number(s) and email address) of all persons or entities who inadvertently received the Confidential Material; (3) advise all persons or entities who inadvertently received the Confidential Material that such information and its use are governed by this Agreed Protective Order; (4) take reasonable steps to ensure the return or permanent destruction of the Confidential Material and all copies thereof; and

(5) inform counsel for the Producing Party of the steps that have been taken to ensure the return or permanent destruction of the material.  Nothing in this paragraph shall prohibit the Producing Party from taking any further action it deems necessary to protect the secrecy of the Confidential Material or from seeking redress for the disclosure thereof.

      11)      If any person receiving Confidential Material covered by this Agreed Protective Order is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Confidential Material discussed in this Order, the person receiving the subpoena or document demand shall give prompt written notice to the Producing Party and shall, to the extent permitted by law, withhold production of the subpoenaed Confidential Material.

           a.    Before a Receiving Party produces or otherwise reveals the identity, content, and/or summary of any Confidential Material pursuant to law or court order, the Receiving Party shall provide the Producing Party with as much notice as possible and at least fifteen (15) business days' notice, unless otherwise impracticable due to deadlines imposed in the subpoena or document demand, so that the Producing Party may seek further protection from, and an opportunity to be heard by, a court.  In no event shall the Receiving Party produce, disclose, or otherwise reveal any Confidential Material without making a good-faith attempt to provide notice to the Producing Party.  In the event the Producing Party seeks such protection, the Receiving Party shall not disclose, produce, or otherwise reveal the identity, content, and/or summary of any Confidential Material unless and until further ordered by the court.

      12)      In the event a party wishes to use any Confidential Material, or any papers or other materials containing or making reference to the contents of such Confidential Material, in any

pleading or document filed with this Court in this litigation, such pleading or document and Confidential Material shall be filed under seal, unless or until such time as the Court orders otherwise or denies permission to file under seal. Documents, pleadings, or other filings containing or referencing such Confidential Material shall be filed under seal in accordance with this Court's usual procedures for filing redacted documents or documents under seal. To the extent that a filing contains information that is not Confidential, such filing shall be filed publicly, and the Confidential Material shall be redacted. These redacted items should plainly state, in bold type, on the first page of any document "Public Version; Redacted Copy." In addition, such items filed under seal shall plainly state, in bold type, on the first page of any bound or stapled document: "Confidential—Filed Under Seal" and shall be filed only in sealed envelopes on which shall be endorsed the caption of this Action and a statement substantially in the following form:

**CONFIDENTIAL**

> This envelope contains documents that are subject to a Protective Order by the parties to this Action. This envelope shall neither be opened nor the contents revealed except by order of the Court.

The parties shall also follow in an expeditious manner any additional procedures imposed by this Court as a prerequisite to filing any document under seal.

13) To the extent the Court orders, the parties may email sealed documents to the Court for filing if hand delivery cannot be accomplished on the day of filing. The parties shall follow whatever procedures the Court and/or the Clerk's Office set forth for email filing.

14) If any party believes that a document designated "Confidential Material" does not warrant such designation, the Receiving Party shall raise the matter with the Producing Party. The parties shall promptly engage in a good-faith effort to resolve the dispute. It is the contemplation of this Order that a document will be designated "Confidential Material" only when legitimately

called for. If a dispute over designation cannot be resolved, the Receiving Party may file an appropriate motion with the Court to determine whether the document or other item warrants the designation. The Receiving Party shall not disclose any such designated document unless and until an order of the Court is entered allowing disclosure.

15) Within sixty (60) days of the termination of this Action and all appeals of this Action, any Confidential Material provided by any Producing Party, as well as any copies, extracts and summaries thereof, shall be either: (1) returned to the Producing Party or (2) permanently destroyed, in which case the Receiving Party must provide to the Producing Party certification of this permanent destruction. Notwithstanding the foregoing, counsel may retain an archival copy of any pleading and/or attorney work product that references Confidential Material. Such archival documents shall be retained and treated in accordance with the terms of this Order.

16) A party's compliance with the terms of this Agreed Protective Order shall not operate as an admission that any particular document or information is or is not: (a) confidential; (b) privileged; (c) relevant; (d) material to any matter at issue; (e) authentic; or (f) admissible in evidence at any trial or hearing.

17) The terms of this Agreed Protective Order shall survive and remain in full force and effect through the course of, and after the final termination of, this Action. This Court shall retain jurisdiction to resolve any dispute concerning the use or disclosure of Confidential Material that is disclosed hereunder.

So ordered this 4th day of April, 2017.

_____
Kristine G. Baker
United States District Judge