# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

**CAPITAL CASE**

**JASON MCGEHEE,** *et al.*                                                                          **PLAINTIFFS**

v.                               **Case No. 4:17-cv-00179-KGB**

**ASA HUTCHINSON,** *et al.*                                                            **DEFENDANTS**

## ORDER

Before the Court is plaintiffs' motion to modify joint proposed execution viewing policy (Dkt. No. 73). By previous Order, this Court directed defendants to file their response by 2:00 p.m. on Sunday, April 23, 2017 (Dkt. No. 74). Defendants timely filed their response (Dkt. No. 75). For the reasons stated below, the Court denies plaintiffs' motion (Dkt. No. 73).

In their complaint, plaintiffs alleged that the viewing policies then in place would prevent their counsel from meaningfully petitioning this Court on their behalf during the course of their executions (Dkt. No. 2, ¶¶ 174-181). Marcel Williams and Jack Harold Jones, who are set to be executed Monday, April 24, 2017, and referenced in the current motion, are among the named plaintiffs in this action. By previous Order, this Court directed the parties "to confer and jointly present to this Court an appropriately tailored viewing policy" (Dkt. No. 54, at 101). Defendants filed the joint proposed execution viewing policy (Dkt. No. 62), to which plaintiffs informally indicated to the Court their assent (Dkt. No. 63).

This filing is the source of the present dispute. Plaintiffs claim that the parties now disagree about the meaning of "execution commences," which is a phrase contained in the seventh paragraph of the joint proposed execution viewing policy (Dkt. No. 62, at 2). Plaintiffs argue that when the "execution commences" in paragraph seven is not defined in the document (Dkt. No.

73). Plaintiffs request that this Court modify the viewing policy to permit the attorneys to view "the entirety of the execution procedure, beginning with Plaintiffs' entry into the execution chamber" (Dkt. No. 73, at 5).

The Court declines to do so and will not reach the merits to resolve this dispute. The joint proposed execution viewing policy is the product of negotiations conducted by the parties as mandated by this Court's previous Order (Dkt. No. 54, at 101). The parties indicated their intent to adhere to the viewing policy for all scheduled executions, stating specifically "the parties submit the following as Defendant Kelley's execution viewing policy that 'assures plaintiffs' right to counsel and access to the courts for the entire duration of all executions'" (Dkt. Nos. 62, 63).

The Court acknowledges stating in its Order that, "[s]hould any dispute arise regarding adherence to, or the terms of, the joint proposed execution viewing policy," the parties could petition the Court for resolution or further relief. For the following reasons, however, the Court does not view this dispute as relating to the adherence to or the terms of the joint proposed execution viewing policy.

As an initial matter, neither plaintiffs nor defendants claim that the other is breaching the joint proposed execution viewing policy. Instead, plaintiffs acknowledge that what they seek is a modification of paragraph 7 of the agreement, which reads: "The curtains to the viewing room will be closed until all witnesses are present and the execution commences." (Dkt. No. 62, at 2, ¶ 7).

To the extent plaintiffs now contend that they did not understand defendants' interpretation of when the execution commences at the time they entered into the joint proposed execution viewing policy, the Court rejects that contention and declines to reach the merits of the dispute. As evidenced by the allegations of their complaint, plaintiffs have contemplated the question of

when an execution commences throughout this litigation (Dkt. No. 2, ¶¶ 180, 181). There is no indication in the record evidence before this Court that defendants have changed the escorting of the prisoner into the room by the Escort Team or the IV placement by the IV Team since this litigation commenced and specifically since plaintiffs and defendants negotiated the viewing policy (Dkt. No. 75, at 3). There also is no indication of a recent change in the law regarding these issues.

Plaintiffs had the opportunity to raise these issues during the negotiations that lead to the joint proposed execution viewing policy and to remedy any deficiencies in the joint proposed execution viewing policy during the process of its drafting. Moreover, pursuant to this Court's previous Order, plaintiffs had the right to withhold their consent to any of defendants' proposals and present their own viewing policy to this Court at that time (Dkt. No. 54, at 101). Because plaintiffs did neither, the Court is not inclined to permit renegotiation of material terms of the joint proposed execution viewing policy at this time, absent the parties' agreement to do so or a demonstrated change in the facts or law. Therefore, the Court denies the motion (Dkt. No. 73). The Court declines to address the merits of defendants' remaining contentions, as addressing those contentions is unnecessary to the Court's resolution of the pending motion (Dkt. No. 75).

It is so ordered this the 23rd day of April, 2017.

_____
Kristine G. Baker
United States District Judge