IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| JASON McGEHEE, STACEY JOHNSON, BRUCE WARD, TERRICK NOONER, and DON DAVIS | PLAINTIFFS |
| JUSTIN ANDERSON, RAY DANSBY, GREGORY DECAY, KENNETH ISOM, ALVIN JACKSON, LATAVIOUS JOHNSON, TIMOTHY KEMP, BRANDON LACY, ZACHARIAH MARCYNIUK, RODERICK RANKIN, ANDREW SASSER, THOMAS SPRINGS, and MICKEY THOMAS | INTERVENORS |
| v.   Case No. 4:17-CV-179-KGB-BD | |
| ASA HUTCHINSON, Governor of the State of Arkansas, and WENDY KELLEY, Director, Arkansas Department of Correction | DEFENDANTS |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Asa Hutchinson, in his official capacity as Governor of the State of Arkansas, and Wendy Kelley, in her official capacity as Director of the Arkansas Department of Correction ("ADC") (collectively, "the State"), move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rules 7.2 and 56.1 and, in support, state:

1.  There are no genuine issues of material fact, and this Court should enter judgment as a matter of law in favor of the State.

2. The Amended Complaint is barred by the Eleventh Amendment because Plaintiffs and Intervenors (collectively, "the Prisoners") have no cognizable constitutional claim.

3. The claims of Jason McGehee are moot because Governor Hutchinson commuted his death sentence. As a result, all claims asserted by McGehee should be dismissed with prejudice.

4. The Prisoners' midazolam claim (Claim I) is barred by *res judicata* and collateral estoppel and also fails because it is too speculative to support an Eighth-Amendment violation.

5. The Prisoners have not and cannot show that ADC's lethal-injection protocol is sure or very likely to cause needless suffering.

6. The Prisoners have not and cannot show that ADC has access to an alternative execution method that will significantly reduce a substantial risk of severe pain.

7. The Prisoners' equal protection claim fails as a matter of law. ADC performed all components of its consciousness check during the April 2017 executions, and the Prisoners' suggestion that the State might deviate from the protocol in the future is speculative and does not give rise to a colorable claim.

8. The Prisoners' access to courts and counsel claims fail as a matter of law, as well. Those claims are time-barred, barred by *res judicata* and collateral estoppel, speculative, and, in any event, are moot in light of the Joint Execution Viewing Policy upon which the parties agreed and this Court approved in April

2017. Claims III and IV also fail on the merits because, on the undisputed facts, ADC's policies preserve the Prisoners' right of access to the courts and counsel.

9. For each and all of these reasons, the Court should hold that there are no genuine issues of material fact and enter judgment as a matter of law in favor of Defendants.

10. Defendants offer the following exhibits in support of their motion for summary judgment, which are attached and incorporated by reference:

- Exhibit 1 – 2015 Lethal Injection Procedure
- Exhibit 2 – FDA-Approved Package Insert for Midazolam
- Exhibit 3 – Declaration of Joseph F. Antognini, M.D., M.B.A. (Apr. 2, 2017)
- Exhibit 4 – Declaration of Joseph F. Antognini, M.D., M.B.A. (Apr. 13, 2017)
- Exhibit 5 – Declaration of Joseph F. Antognini, M.D., M.B.A. (July 30, 2018)
- Exhibit 6 – Supplementary Declaration of Joseph F. Antognini, M.D., M.B.A. (Aug. 31, 2018)
- Exhibit 7 – Declaration of Dr. Daniel Buffington (Apr. 7, 2017)
- Exhibit 8 – Declaration of Dr. Daniel Buffington (Apr. 14, 2017)
- Exhibit 9 – Expert Witness Rebuttal Report of Dr. Daniel Buffington (Aug. 31, 2018)
- Exhibit 10 – Rebuttal Report of Charles Kokes, M.D. (Aug. 15, 2018)
- Exhibit 11 – Excerpt of *Pharmacology* Textbook by George M. Brenner and Craig W. Stevens (4th ed.).
- Exhibit 12 – Affidavit of Execution Witness Wendy Kelley (All)
- Exhibit 13 – Affidavit of Execution Witness Dale Reed (All)

- Exhibit 14 – Affidavit of Execution Witness William Straughn (All)

- Exhibit 15 – Affidavit of Execution Witness Holly Meyer (Lee)

- Exhibit 16 – Affidavit of Execution Witness John Staley (Lee)

- Exhibit 17 – Affidavit of Execution Witness Will Jones (Lee, Jones, & M. Williams)

- Exhibit 18 – Affidavit of Execution Witness Joseph McCullough (Lee, Jones, & M. Williams)

- Exhibit 19 – Affidavit of Execution Witness Tracy Whitaker (Jones)

- Exhibit 20 – Affidavit of Execution Witness Phyllis Hendrix (Jones & M. Williams)

- Exhibit 21 – Affidavit of Execution Witness Rep. Kim Hammer (Jones & M. Williams)

- Exhibit 22 – Affidavit of Execution Witness Sen. Trent Garner (K. Williams)

- Exhibit 23 – Affidavit of Execution Witness Tammera Harrelson (K. Williams)

- Exhibit 24 – ADC Execution Internal Affairs Logs

- Exhibit 25 – Autopsy Reports

- Exhibit 26 – Prisoners' Responses to Requests for Admissions

- Exhibit 27 – Prisoners' Responses to Interrogatories and Requests for Production

- Exhibit 28 – Declaration of Pharmacy N

- Exhibit 29 – Affidavit of Wendy Kelley (Apr. 6, 2017)

- Exhibit 30 – Affidavit of Rory Griffin (Oct. 14, 2015)

- Exhibit 31 – Excerpt of Deposition of Deputy Director's Designee (highly confidential information redacted)

- Exhibit 32 – Order dismissing *Williams v. Kelley*, Pulaski County Circuit Court No. 60CV-15-1400 (July 17, 2015)

- Exhibit 33 – Formal Order of Arkansas Supreme Court in No. CV-15-829 (Mar. 7, 2017)

- Exhibit 34 – Memorandum Order Granting Defendants' Motion to Dismiss Second Amended Complaint in *Johnson v. Kelley*, Pulaski County Circuit Court No. 60CV-15-2921 (Mar. 28, 2017)

- Exhibit 35 – Administrative Directive 08-28 – Procedure for Execution

- Exhibit 36 – Administrative Directive 15-28 – Procedure for Execution (confidential and filed under seal)

- Exhibit 37 – Letter from James DePriest, Chief Legal Counsel, Arkansas Department of Correction to Prisoner Attorneys (Apr. 3, 2017)

- Exhibit 38 – Transcript of the Deposition of Charles Blanke, M.D. (highly confidential information redacted)

11.   As required by Local Rule 56.1, a Statement of Undisputed Material Facts is being filed with this motion and is incorporated by reference.

12.   A brief in support is being filed with this motion and is incorporated by reference.

WHEREFORE, Defendants Asa Hutchinson, in his official capacity as Governor of the State of Arkansas, and Wendy Kelley, in her official capacity as Director of the Arkansas Department of Correction, pray that the Court grant their motion for summary judgment, enter an order dismissing the Amended Complaint with prejudice, enter judgment in favor of Defendants and against Plaintiffs and Plaintiff-Intervenors, and for all other relief to which they may be entitled.

>Respectfully submitted,
>
>LESLIE RUTLEDGE
>Attorney General
>
>NICHOLAS J. BRONNI
>Solicitor General
>
>By: */s/ Jennifer L. Merritt*
>JENNIFER L. MERRITT (2002148)
>Senior Assistant Attorney General
>323 Center Street, Suite 200
>Little Rock, Arkansas 72201
>Tel: (501) 682-1319
>Fax: (501) 682-2591
>Email: Jennifer.Merritt@ArkansasAG.gov
>
>*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Jennifer L. Merritt, certify that on this 20th day of March, 2019, I electronically filed the foregoing with the Clerk of Court using the eFlex electronic filing system, which shall send notification of the filing to any participants. I also e-mailed a copy of the foregoing to counsel of record for the Plaintiffs and Plaintiff-Intervenors.

>*/s/ Jennifer L. Merritt*
>Jennifer L. Merritt