FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 17 2019

JAMES W. McCORMACK, CLERK
By: _____
                          DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JASON MCGEHEE, *et al.*                                PLAINTIFFS

vs.                 Civil Action No. 4:17-cv-00179 KGB

WENDY KELLEY, *et al.*                                DEFENDANTS

## MOTION TO QUASH SUBPOENA

Kelly Kissel moves to quash the subpoena issued by plaintiff Jason McGehee and in support thereof, states:

1. On April 10, 2019, counsel for plaintiff Jason McGehee served upon non-party Kelly Kissel a subpoena directing Kelly Kissel to appear in Court to provide testimony in this matter on behalf of plaintiff McGehee. *See* the Subpoena attached hereto and incorporated herein as Exhibit 1. (Counsel for Mr. Kissel was authorized to and did accept service of the subpoena on Mr. Kissel's behalf.)

2. The case pursuant to which the subpoena was filed is a 42 U.S.C. § 1983 action brought by plaintiff McGehee and others challenging defendants' protocol for executions. Doc. 117, ¶ 1.

3. Mr. Kissel currently is metro editor at *The Advocate* in Baton Rouge, Louisiana. Previously, Mr. Kissel was a news editor for the Associated Press assigned to Arkansas, and was one of three media witnesses, among several non-media witnesses, at the April 27, 2017 execution of Kenneth Williams in Varner, Arkansas. *See* the Affidavit of Kelly Kissel attached hereto and incorporated herein as Exhibit 2.

4. Mr. Kissel has no information relating to the April 27, 2017 execution of Kenneth Williams other than information obtained by him in his capacity as a professional journalist. *See* Exhibit 2.

5. Mr. Kissel anticipates that he will be asked by plaintiff McGehee to testify regarding information that he gathered for publication during the course of his employment as a reporter and news editor for the Associated Press.

6. Information regarding the execution of Kenneth Williams was incorporated into news articles that were published through the Associated Press. *See* Exhibit 2. These articles are readily available from web-based archives. These articles speak for themselves and contain a compilation of information regarding the execution of Kenneth Williams.

7. The First Amendment to the Constitution of the United States and Article 2, § 6 of the Constitution of Arkansas (1874) ("The liberty of the press shall forever remain inviolate") provide a reporter's privilege that protects journalists from compelled disclosure in judicial proceedings.

8. Mr. Kissel should not be compelled to provide constitutionally protected information that was obtained while gathering or editing news because there are significant public and private interests, including but not limited to First Amendment interests, served by the reporter's privilege. Those interests outweigh any burden on truth-seeking that might be imposed by recognizing the reporter's privilege in this case. The information sought by plaintiff McGehee can be reasonably obtained from sources other than Mr. Kissel and can be obtained through less intrusive means that do not impair Mr. Kissel's First Amendment interests. There is no overriding need for the information that justifies impairment of Mr. Kissel's First Amendment interests.

9. A memorandum brief in support of this motion is filed concurrently herewith.

WHEREFORE, Kelly Kissel prays that the Court quash the subpoena and award to him costs and all other proper relief to which he is entitled in this case.

QUATTLEBAUM, GROOMS & TULL PLLC
4100 Corporate Center Drive, Suite 310
Springdale, Arkansas 72762
Telephone: (479) 444-5200
Facsimile: (479) 444-6647
vchadick@qgtlaw.com

By: _____
Vincent O. Chadick

*Attorneys for Movant Kelly Kissel*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April, 2019, I caused the foregoing to be filed with the Clerk of the United States District Court for the Eastern District of Arkansas, which, through the CM/ECF system, will send notification of such filing to all CM/ECF participants of record (which is believed to constitute all parties and counsel of record).

_____
Vincent Chadick

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Arkansas

| Jason McGehee, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:17-cv-179 |
| Wendy Kelley, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:   Kelly Kissel

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: Richard Sheppard Arnold Courthouse, 600 W Capitol Ave., Little Rock, AR 72201 | Courtroom No.: 4C |
|---|---|
| | Date and Time: 04/23/2019 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/09/2019

*CLERK OF COURT*

OR

_____          /s/ John C. Williams
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
_____, who issues or requests this subpoena, are:

John C. Williams, 1401 W Capitol Ave. Suite 490, Little Rock, AR 72201, john_c_williams@fd.org, 501.324.6114.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT 1

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 4:17-cv-179

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# EXHIBIT 1

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JASON MCGEHEE,** *et al.*                                                                  **PLAINTIFFS**

vs.                      **Civil Action No. 4:17-cv-00179 KGB**

**WENDY KELLEY,** *et al.*                                                      **DEFENDANTS**

### DECLARATION OF KELLY KISSEL

Pursuant to 28 U.S.C. § 1746, I, Kelly Kissel, declare as follows:

1. I am currently the metro editor at *The Advocate* in Baton Rouge, Louisiana. In the past, I was Arkansas news editor for the Associated Press.

2. I was one of three media witnesses at the April 27, 2017 execution of Kenneth Williams in Varner, Arkansas.

3. I have no information relating to the April 27, 2017 execution of Kenneth Williams other than information obtained by me in my capacity as a professional journalist. I did not witness and have no personal, direct knowledge of the execution protocol applied to Kenneth Williams.

4. In my capacity as a professional journalist and acting as news editor for the Associated Press, I prepared my account of the execution, as contained in the attached Associated Press story. *See* Attachment A, pp. 2-3.

5. I have no personal knowledge of the events giving rise to plaintiffs' claims, specifically, their challenge to defendants Asa Hutchinson, Governor of the State of Arkansas, and Wendy Kelly, Director, Arkansas Department of Correction's choice of a midazolam protocol for executions.

# EXHIBIT 2

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED on April 16, 2019.

_____
Kelly Kissel

# EXHIBIT 2

Case 4:17-cv-00179-KGB Document 178 Filed 04/17/19 Page 9 of 12
Timeline of latest Arkansas execution from AP reporter
Page 1 of 4

**AP NEWS**

Click to copy

Top Stories    Topics    Video    Listen

Click to copy

**RELATED TOPICS**

U.S. News

Arkansas

Executions

# Timeline of latest Arkansas execution from AP reporter

April 28, 2017

VARNER, Ark. (AP) — Witnesses say an Arkansas inmate who was the last in the state to be put to death before one of the state's lethal injection drugs expires lurched and convulsed on the gurney before he died Thursday night. A governor's spokesman described Kenneth Williams' movements as "an involuntary muscular reaction" that she said is a known effect of one of the execution drugs.

**ATTACHMENT A**

Associated Press reporter Kelly Kissel witnessed Williams' execution along with two other media witnesses. A window separates the chamber from the witnesses.

Here is his account:

**AP NEWS**

——        Top Stories    Topics       Video    Listen

10:32 p.m. — Media witnesses enter execution chamber viewing area. The door is shut behind them and a guard notifies the execution team that all witnesses are in place.

10:50 p.m. — A black curtain opens to show Williams on a gurney with Arkansas Department of Correction Director Wendy Kelley standing nearby. She asks Williams if he wants to say something, then holds up a sheet of paper from which he reads a prepared statement.

10:52 p.m. — Williams begins speaking in tongues. Shortly afterward, a warden says "Officials are ready to proceed with the execution."

10:53 p.m. — Williams reverts to English as a sedative takes effect. His final words are, "The final words that I speak will forever be, will forever ..." before becoming unintelligible.

10:54 p.m. — Williams breathes regularly but heavily, with his head bobbing with each respiration. He swallows and his cheeks pucker.

10:55 p.m. — Williams lurches forward 15 times in quick succession, then another five times at a slower rate. The entire episode takes about 20 seconds. Media witnesses describe it as lurching, jerking, convulsing and coughing. Sound is heard in the chamber through the glass window.

10:56 p.m. — After the lurching, Williams breathes through his mouth for the next three minutes. One witness describes his chest as "pumping."

10:57 p.m. — An attendant checks Williams for consciousness. Williams continues to breathe heavily.

### ATTACHMENT A

10:59 p.m. — Williams' breathing stops. He is still for the remainder of the execution.

11:03 p.m. — An attendant checks Williams' vital signs and summons a coroner.

11:05 p.m. — A coroner declares Williams dead.

**AP NEWS**

Top Stories   Topics   Video   Listen

| AP NEWS | DOWNLOAD AP NEWS | MORE FROM AP | FOLLOW AP | **AP NEWS** |
|---|---|---|---|---|
| Top Stories | Connect with the definitive source for global and local news | ap.org | | |
| Video | | AP Insights | | |
| Contact Us | | AP Definitive Source | | |
| Cookie Settings | | | | |
| Top Stories | Topics | Video | Listen Explore | |
| | | | AP Books | |

GET IT ON Google Play

**THE ASSOCIATED PRESS**   About   Contact   Customer Support   Careers          All contents © copyright 2019 The Associated Press.
                         Terms & Conditions   Privacy                                              All rights reserved.

**ATTACHMENT A**

https://www.apnews.com/88dbdd478f504dfb92106478ab1b9e3c                                           4/16/2019