IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| JASON McGEHEE, STACEY JOHNSON, BRUCE WARD, TERRICK NOONER, and DON DAVIS | PLAINTIFFS |
| JUSTIN ANDERSON, *ET AL.* | INTERVENORS |
| v.          Case No. 4:17-CV-179-KGB-BD | |
| ASA HUTCHINSON, Governor of the State of Arkansas, and WENDY KELLEY, Director, Arkansas Department of Correction | DEFENDANTS |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respectfully submit this notice of supplemental authority to apprise the Court of recent relevant authority from the United States Court of Appeals for the Sixth Circuit supporting Defendants' position in this case:

1. The Prisoners' primary argument in this case is that the Arkansas Department of Correction's (ADC) midazolam lethal injection protocol constitutes cruel and unusual punishment in violation of the Eighth Amendment.

2. Every appellate court in the United States to consider this argument has rejected it.

3. The United States Court of Appeals for the Sixth Circuit just issued its latest opinion in the *In re: Ohio Execution Protocol Litigation* MDL challenging the same three-drug protocol on September 11, 2019.  A true and correct copy of the

court's opinion and judgment in the case styled *Henness v. DeWine* is attached to this notice as Exhibit 1 and incorporated by reference.

4. In *Henness*, a three-judge panel of the Sixth Circuit unanimously affirmed the district court's decision denying the prisoner's request for injunctive relief and for a stay of execution. The appellate court, however, disagreed with the district court's analysis of *Glossip*'s first prong regarding needless pain and suffering.

5. With respect to that issue, the Sixth Circuit framed the "relevant question" as "whether the inmate has met his 'heavy burden to show that' the state's chosen method of execution will cause serious pain that the inmate 'is sure or very likely to be conscious enough to experience.'" *Henness v. DeWine*, No. 19-3064, slip op. at 3 (6th Cir. Sept. 11, 2019) (quoting *Campbell v. Kasich*, 881 F.3d 447, 450 (6th Cir. 2018) (cleaned up)) (Ex. 1).

6. The district court had determined that inmate Henness satisfied this burden by showing that the 500 mg dose of midazolam was likely to cause pulmonary edema (*i.e.*, "chest tightness, chest pain, and sensations of drowning, suffocating, and dying") which, in its view, qualified as the type of serious pain prohibited by the Eighth Amendment. The district court also noted that the combination of the paralytic agent and potassium chloride would certainly cause a fully conscious person to endure needless suffering. The court then concluded that, "[b]ecause midazolam has no analgesic properties," it could not suppress Henness's

consciousness deeply enough to prevent him from experiencing either of the identified types of pain." *Id.* at 3-4.

7. The Sixth Circuit disagreed with those holdings. As an initial matter, the court held that "neither pulmonary edema nor the symptoms associated with it qualify as the type of serious pain prohibited by the Eighth Amendment." *Id.* at 4. This is because "the Eighth Amendment only prohibits forms of punishment that seek to intensify an inmate's death by 'superadd[ing]' feelings of 'terror, pain, or disgrace.'" *Id.* (quoting *Bucklew v. Precythe*, 139 S. Ct. 1112, 1124 (2019) (cleaned up)). The Sixth Circuit held that the fact that midazolam may cause Henness to suffer pulmonary edema, *i.e.*, suffocation, "is not constitutionally inappropriate" under *Bucklew* and that the district court "clearly erred in concluding to the contrary." *Id.*

8. Further, the Sixth Circuit held that the district court erred in finding that the prisoner met his burden of proving that midazolam is incapable of suppressing his consciousness enough to prevent him from experiencing—at a constitutionally problematic level—the pain caused by the combination of the second two drugs in the protocol (the paralytic agent and potassium chloride). *Id.* The court reaffirmed its previous holding "that midazolam is capable of altering an inmate's ability to subjectively experience pain" and held that, "[w]ithout evidence showing that a person deeply sedated by a 500 milligram dose of midazolam is still 'sure or very likely' to experience an unconstitutionally high level of pain, Henness has not met his burden on this prong, and the district court clearly erred in

3

concluding otherwise." *Id.* at 4-5 (quoting *Fears v. Morgan*, 860 F.3d 881, 886, 888 (6th Cir.) (en banc), *cert. denied*, 137 S. Ct. 2238 (2017)).

9. The Sixth Circuit next considered the second *Glossip* prong, the availability of an alternative that would significantly reduce any substantial risk of severe pain. *Id.* at 5. The court held that the prisoner's proposed alternative method—death by secobarbital, which the Prisoners in this case also claim is an available alternative—is not viable. *Id.*

10. The court reasoned that death by secobarbital is not "feasible" because it can sometimes take days to cause death, and the inmate failed to propose any procedures detailing how an execution team might handle such a prolonged execution. Under *Bucklew*, the court also noted that a state need not choose to be the first to experiment with a new method of execution. *Id.* at 5-6 (following *Bucklew*, 139 S. Ct. at 1128-30). "It follows that, because no other state uses secobarbital to carry out an execution, Ohio may decline to implement it." *Id.* at 6.

11. The *Henness* decision authoritatively analyses both *Glossip* prongs in the light of the Supreme Court's recent decision in *Bucklew*, and Defendants respectfully request that the Court consider it as highly persuasive authority in deciding the same issues in this case.

WHEREFORE, Defendants respectfully request that the Court consider the *Henness* decision as supplemental authority supporting the Defendants' position in this case.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

NICHOLAS J. BRONNI (2016097)
Solicitor General

JENNIFER L. MERRITT (2002148)
Senior Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas  72201
Tel.:  (501) 628-1319
Fax: (501) 682-2591
Email:  Jennifer.Merritt@ArkansasAG.gov

*Attorneys for Defendants*