IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

JASON McGEHEE et al.,

*Plaintiffs*

-and-

JUSTIN ANDERSON et al.,   *Intervenors*

v.   No. 4:17-cv-00179-KGB

ASA HUTCHINSON, Governor of the State of Arkansas, and
WENDY KELLEY, Director, Arkansas Department of Correction,

*Defendants*

## RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Contrary to Defendants' assertion, *Henness v. DeWine* is an unpersuasive opinion, particularly within the context of this litigation. The opinion relies on dubious legal interpretations and cannot account for the specific proof presented in this case. Without recounting that proof in detail—the movement and moaning witnessed during midazolam executions; the scientific evidence showing the extraordinarily high rate of awareness among persons injected with a dose of midazolam that reaches the drug's ceiling effect—suffice it to say that *Henness* does not change the fact that Plaintiffs have proven both elements of *Glossip* and have made out an Eighth Amendment violation requiring a permanent injunction against the midazolam protocol.

Concerning *Glossip*'s first prong, *Henness* addresses two separate theories that the Ohio plaintiffs had pursued in the district court. The first was that injection of midazolam is likely to cause pulmonary edema, defined as "chest tightness, chest pain,

1

and sensations of drowning, suffocating, and dying." Slip op. at 3. Remarkably, *Henness* finds that "suffocation does not qualify as severe pain and suffering." *Id.* at 4 (internal quotation marks omitted). The purported support for that statement comes from dicta in *Bucklew v. Precythe* explaining that hanging—which leads to immediate death if properly performed—doesn't violate the Eighth Amendment even though it may cause suffocation. *See* 139 S. Ct. 1112, 1124 (2019). That is so because the risk of suffering from hanging isn't believed to be excessive in comparison to other methods. *Id.* at 1124, 1127. It doesn't follow from this dicta that a method that is "sure or very likely to result in needless suffering" via suffocation is constitutional simply because it involves suffocation. *Glossip v. Gross*, 135 S. Ct. 2726, 2739 (2015). The *Glossip* standard—which *Bucklew* didn't change, *see* 139 S. Ct. at 1125–26—concerns the risk and level of pain in comparison to available alternatives, not whether the Eighth Amendment forbids some forms of pain but not others.

*Henness* committed a similar error in its analysis of the first-prong theory more squarely at issue in this case—whether midazolam prevents the suffocation inherent in the injection of vecuronium bromide and the burning inherent in the injection of potassium chloride. The opinion frames the question as whether the protocol will cause the prisoner to experience pain at a "constitutionally problematic level." In a single paragraph, the opinion uses multiple variations of this vague phrase, asking whether the prisoner would suffer "unconstitutionally severe pain," "constitutionally excessive"

2

pain, or an "unconstitutionally high level of pain." *Henness*, slip op. at 4–5. These formulations beg the question of what amounts to "constitutionally problematic" pain. The answer, though unacknowledged in *Henness*, is again found in *Glossip*: "severe pain" that involves "needless suffering." *Glossip*, 135 S. Ct. at 2739–40. There can be little question that the second and third injections in the Arkansas protocol will reach that level. Indeed, in *Baze v. Rees*, the Supreme Court found it uncontested that "there is a substantial, constitutionally unacceptable risk of suffocation from the administration of pancuronium bromide and pain from the injection of potassium chloride." 553 U.S. 35, 53 (2008).

If *Henness* carries insubstantial legal authority on *Glossip*'s first prong, it carries no factual authority at all. *Henness* arose after the district court's denial of a preliminary-injunction motion—not after a full trial, as was held here. Plaintiffs have brought their own unique proof showing that midazolam cannot block the "constitutionally unacceptable" suffering inherent in the second and third drugs. As shown at trial, and as Plaintiffs' post-trial briefing discusses in detail, midazolam cannot render the prisoners unaware and cannot render them unable to feel pain. Plaintiffs have proven that the midazolam protocol is very likely to cause needless suffering.

*Henness*'s discussion of *Glossip*'s second prong is no more persuasive than its discussion of the first prong. It finds secobarbital infeasible for two reasons. First, the drug can cause prolonged death "in some instances." *Henness*, slip op. at 6. But, as Dr.

3

Blanke explained, this scenario is extremely rare and the median time from administration to death is twenty-five minutes. Speculation about the occurrence of a rarely observed outcome doesn't undercut the alternative.

Second, *Henness* concludes that Ohio has a legitimate reason for rejecting secobarbital because no other state has used it. *Id.* But Arkansas statute permits execution by barbiturate, Ark. Code Ann. § 5-4-617(c)(1), and secobarbital is a barbiturate. *Bucklew* allows states to decline experimental methods—nitrogen gas in that case—not methods that are already written into their statutes. The administration of the drug by the superior method of feeding tube rather than by intravenous line does not render secobarbital so novel as to allow the State to reject it in favor of the midazolam protocol.

In any case, *Henness*'s rejection of secobarbital, even if sound, does not help Defendants. Plaintiffs have also proven that firing squad is an available and feasible method that would substantially reduce the substantial risk of severe pain inherent in the midazolam protocol. *Henness* does nothing to change that.

In sum, *Henness* should not alter the Court's analysis. Plaintiffs' case for injunctive relief against the midazolam protocol remains as strong as ever.

Date: September 17, 2019

Respectfully submitted,

LISA G. PETERS
FEDERAL PUBLIC DEFENDER


JOHN C. WILLIAMS, ABN 2013233
Assistant Federal Public Defender
Federal Public Defender's Office
1401 W. Capitol, Suite 490
Little Rock, AR 72201
Telephone: 501.324.6114
E-mail: john_c_williams@fd.org

*Counsel for Plaintiffs*