IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| JASON McGEHEE, STACEY JOHNSON, BRUCE WARD, TERRICK NOONER, and DON DAVIS | PLAINTIFFS |
| JUSTIN ANDERSON, *ET AL.* | INTERVENORS |
| v.  Case No. 4:17-CV-179-KGB-BD | |
| ASA HUTCHINSON, Governor of the State of Arkansas, and WENDY KELLEY, Director, Arkansas Department of Correction | DEFENDANTS |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respectfully submit this notice of supplemental authority to apprise the Court of the United States Court of Appeals for the Sixth Circuit's recent substituted opinion supporting Defendants' position in this case:

1. On September 16, 2019, Defendants filed a notice of supplemental authority (Dkt. No. 203) apprising this Court of the Sixth Circuit's unanimous opinion in *In re: Ohio Execution Protocol Litigation*, 397 F.3d 759 (6th Cir. 2019), which supported the State's position in this case.

2. The Sixth Circuit's September 2019 opinion has been amended and superseded by *In re: Ohio Execution Protocol Litigation*, 946 F.3d 287 (6th Cir. 2019). The amended opinion reaches the same material conclusions as the prior opinion and affirms the district court's decisions denying a stay of execution and

request to preliminarily enjoin Ohio from carrying out an execution with the same three-drug midazolam protocol used in Arkansas.

3. In its amended opinion, the Sixth Circuit continued to disagree with the district court's analysis of *Glossip*'s first prong regarding needless pain and suffering.

4. The court continued to frame the "relevant question" as "whether the inmate has met his 'heavy burden to show that' the state's chosen method of execution will cause serious pain that the inmate 'is sure or very likely to be conscious enough to experience.'" *In re: Execution Protocol Litig.*, 946 F.3d 287 (quoting *Campbell v. Kasich*, 881 F.3d 447, 450 (6th Cir. 2018) (cleaned up)).

5. The district court had determined that the inmate satisfied this burden by showing that the 500 mg dose of midazolam was likely to cause pulmonary edema (*i.e.*, "chest tightness, chest pain, and sensations of drowning, suffocating, and dying") which, in its view, qualified as the type of serious pain prohibited by the Eighth Amendment. The district court also noted that the combination of the paralytic agent and potassium chloride would certainly cause a fully conscious person to endure needless suffering. The district court then concluded that, "[b]ecause midazolam has no analgesic properties," it could not suppress the condemned inmate's consciousness deeply enough to prevent him from experiencing the pain associated with either pulmonary edema or the drug combination.

6. The Sixth Circuit disagreed with the district court's findings. As an initial matter, the court observed that, because the U.S. Constitution does not guarantee a painless death, prisoners must show more than a "risk of pain." Further, "[t]o be constitutionally cognizable, the pain has to be 'severe.'" *Id.* (citing *Bucklew v. Precythe*, 139 S. Ct. 1112, 1130, 1133 n.4 (2019)). The court then put the prisoner's claims about the risks of pain inherent in a midazolam execution in context by comparing those risks with "the near certainty of [] pain" inherent in "most hangings" "because they caused death slowly" through suffocation over several minutes. "Despite that risk of pain, despite indeed the near certainty of that pain, hangings have been considered constitutional for as long as the United States have been united." *Id.* The court concluded that the risks of pain from pulmonary edema and the lethal-injection drugs "pale[] in comparison to the pain associated with hanging." *Id.* Thus, the court rejected the notion that the risk of pain from pulmonary edema or from the lethal drugs themselves violates the Eighth Amendment.

7. Further, the Sixth Circuit held that the district court committed clear error in finding that the prisoner met his burden of proving that midazolam is incapable of suppressing his consciousness enough to prevent him from experiencing—at a constitutionally problematic level—the pain caused by the combination of the paralytic agent and potassium chloride. *Id.* The court rejected the prisoner's evidence showing that midazolam is incapable of rendering him insensate to pain because the Eighth Amendment does not guarantee him a

painless death. Instead, "the question is whether the level of pain the inmate subjectively experiences is constitutionally excessive." *Id.* Because the prisoner failed to adduce "evidence showing that a person deeply sedated by a 500 milligram dose of midazolam is still 'sure or very likely' to experience an unconstitutionally high level of pain," the court concluded that the prisoner "has not met his burden on this prong, and the district court clearly erred in concluding otherwise." *Id.* (following *Fears v. Morgan*, 860 F.3d 881, 886-90 (6th Cir.) (en banc), *cert. denied*, 137 S. Ct. 2238 (2017)).

8. The Sixth Circuit next considered the second *Glossip* prong, the availability of an alternative that would significantly reduce any substantial risk of severe pain. The Court observed that, even if it were to agree with the prisoner that Ohio's method of execution is very likely to cause severe pain, his Eighth Amendment claim must fail because his proposed alternative method—death by secobarbital—is not a viable alternative.

9. The court first observed that, under *Bucklew*, Ohio need not choose to be the first state to experiment with a new method of execution such as the secobarbital method proposed by the prisoner.

10. Further, the court held that the secobarbital alternative independently fails because the prisoner failed to show it is "feasible." The prisoner did not prove that Ohio could obtain secobarbital with "ordinary transactional effort," nor did he overcome the "host of complications" that the state would encounter in trying to implement an assisted suicide procedure as an execution method. "Inmate

resistance could make the procedure next to impossible or at least unseemly." *Id.* Further, "[s]ecobarbital could take over two days to cause death or might not cause death at all, a contingency and risk that Henness does not account for." *Id.*

11. For all of these reasons, the Sixth Circuit affirmed the district court's finding that secobarbital was not a feasible alternative execution method.

12. The amended decision authoritatively analyses both *Glossip* prongs in the light of the Supreme Court's recent decision in *Bucklew*, and Defendants respectfully request that the Court consider it as highly persuasive authority in deciding the same issues in this case.

WHEREFORE, Defendants respectfully request that the Court consider the amended Sixth Circuit decision as supplemental authority supporting the Defendants' position in this case.

    Respectfully submitted,

    LESLIE RUTLEDGE
    Attorney General

    NICHOLAS J. BRONNI (2016097)
    Solicitor General

    JENNIFER L. MERRITT (2002148)
    Senior Assistant Attorney General
    323 Center Street, Suite 200
    Little Rock, Arkansas  72201
    Tel.:  (501) 628-1319
    Fax: (501) 682-2591
    Email:  Jennifer.Merritt@ArkansasAG.gov

    *Attorneys for Defendants*